**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| VS | : | 3:CR-02-0087 |
| | : | 3:CV-05-0718 |
| | : | |
| **EDDY MANUEL CHARLES RIVAS** | : | (CHIEF JUDGE VANASKIE) |

**MEMORANDUM**

Defendant Eddy Manuel Charles Rivas has moved to challenge his sentence pursuant to 28 U.S.C. § 2255. Defendant raises two main arguments: (1) his sentence was imposed in violation of the Sixth Amendment rights recognized in Apprendi v. New Jersey, and (2) he was denied effective assistance of counsel at sentencing. Defendant's Apprendi challenge is procedurally defaulted because he did not bring it up on direct review and he cannot show prejudice. His ineffective assistance of counsel claim is without merit because his counsel's performance was neither deficient nor prejudiced Defendant's interests. Therefore, Defendant is not entitled to relief under § 2255.

**I.   BACKGROUND**

Defendant is a citizen of the Dominican Republic.[1] On April 15, 2004, he pled guilty pursuant to a written plea agreement to conspiracy to distribute and possess with intent to

---

[1] Defendant has difficulty understanding English. Therefore, he has had access to a translator throughout his court proceedings.

distribute in excess of 5 kilograms of cocaine, 50 grams of cocaine base (crack), and MDMA (ecstacy) in violation of 21 U.S.C. § 846.  (Plea Agreement, Dkt. Entry 172, at 1-3.)  Congress has specified a mandatory minimum sentence of 10 years and a possible maximum of life imprisonment for this offense.  See 21 U.S.C. § 841(b)(1)(A).[2]  In the plea agreement, Defendant stipulated:

> (a) at least 150 grams but less than 500 grams of cocaine base (crack), 15 kilograms but less than 50 kilograms of cocaine, and 1,977 grams of ecstacy were attributable to him; and
>
> (d) he was an organizer or leader of a criminal activity that involved five or more participants.

(Plea Agreement, Dkt. Entry 172, at 7; Tr. of Change of Plea, Dkt. Entry 176, at 12-13.)  The Presentence Investigation Report calculated Defendant's total offense level at 37.  This was determined using a base offense level of 34 for his drug conspiracy plea;[3] plus a 2 level

---

[2] Under 21 U.S.C. § 846, a person who conspires to commit a drug trafficking offense is subject to the same penalties as those prescribed for the offense that was the object of the conspiracy.  Accordingly, Defendant's actual penalty is set forth in 21 U.S.C. § 841(b), which provides for enhanced punishments based upon the quantity and nature of the controlled substance involved in the drug trafficking scheme.  More than 5 kilograms of cocaine or 50 grams of crack cocaine authorizes a sentence of 10 years to life in prison.

[3] The sentencing guidelines for the offense of conspiracy to unlawfully traffic in drugs are found under U.S.S.G. § 2D1.1.  Because Defendant's offense involved various illegal drugs, the drug quantities were converted to a common marijuana equivalent using the drug equivalency table in the commentary of U.S.S.G. § 2D1.1.  The marijuana equivalency for Defendant's crime was 6,988.5 kilograms.  According to U.S.S.G. § 2D1.1(c)(3), Defendant's base offense

increase because a firearm was possessed in connection with the drug conspiracy;[4] plus a 4 level increase for his role as an organizer or leader of the criminal activity;[5] minus a 3 level reduction for acceptance of responsibility and timely notification of his intention to plead.[6]

      The firearm enhancement was based on a shooting incident that happened amid a territorial struggle between Defendant's group and a competing drug trafficking network. (Presentence Investigation Report ¶ 21; Tr. of Sentencing, Dkt. Entry 283, at 7-8.) Hector Roldan-Luna, a member of Defendant's conspiracy, shot two people in the rival group, killing one individual and seriously wounding the other. (Presentence Investigation Report ¶ 21.) Under U.S.S.G. § 1B1.3(a), the specific offense of one person in a jointly undertaken criminal activity may be attributed to other participants. Accordingly, Roldan-Luna's weapon possession was considered in determining Defendant's guideline range because it was a reasonably foreseeable act by a coconspirator in furtherance of the jointly undertaken criminal activity of conspiracy to traffic in drugs. See U.S.S.G. §§ 1B1.3(a), 2D1.1(b)(1).

      Defendant agreed to all the facts used to calculate his total offense level in his plea

---

level was 34 because his offense involved at least 3,000 but less than 10,000 kilograms of marijuana equivalent.

   [4] Possession of a firearm is a specific offense characteristic of a narcotics trafficking offense. U.S.S.G. § 2D1.1(b)(1).

   [5] See U.S.S.G. § 3B1.1.

   [6] See U.S.S.G. § 3E1.1.

agreement, except the gun enhancement. (Plea Agreement, Dkt. Entry 172, at 7; Tr. of Change of Plea, Dkt. Entry 176, at 12-13.) Based on a total offense level of 37 and a criminal history category of I, his guideline imprisonment range was 210 to 262 months. Absent the 2 level increase for possession of a firearm, Defendant's guideline imprisonment range would have been 168 to 210 months. Defendant did not object to the Presentence Investigation Report. (Tr. of Sentencing, Dkt. Entry 283, at 2.)

This Court sentenced Defendant to a prison term of 210 months on April 15, 2004. (Dkt. Entry 224.) Defendant did not appeal his sentence. On April 11, 2005, Defendant moved pursuant to 28 U.S.C. § 2255 to challenge his sentence. (Dkt. Entry 274.)

**II.     DISCUSSION**

Defendant presents two claims in support of the § 2255 motion: (1) his sentence was imposed in violation of the Sixth Amendment rights recognized in Apprendi v. New Jersey; and (2) he was denied effective assistance of counsel. He has moved to require the government to file a response to his pro se motion. (Dkt. Entry 282.) The issue before the Court at this stage of the proceedings is whether "the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255, unnumbered ¶ 2, thereby obviating a response from the government. See Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled

to relief, the judge must dismiss the motion. . . .").

**A. The Apprendi Claim**

Defendant argues that his sentence was imposed improperly under Apprendi v. New Jersey, 530 U.S. 466 (2000), because this Court relied on facts that he did not admit to in his plea agreement. This is not a retroactive collateral attack on his sentence because Apprendi was decided before his sentencing.[7] Defendant's failure to pursue a direct appeal from his sentence, however, may now preclude consideration of the issue in this collateral challenge to the sentence.

As a general rule, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). See United States v. Frady, 456 U.S. 152, 167-168 (1982) (holding that procedural default rules developed in habeas corpus cases apply in § 2255 proceedings). "The procedural default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Massaro, 538 U.S. at 504. Because an Apprendi-based

---

[7] Defendant was sentenced in 2004, while the Supreme Court decided Apprendi in 2000. The Supreme Court had not decided Blakely v. Washington, 542 U.S. 296 (2004), nor United States v. Booker, 125 S. Ct. 738 (2005), at the time of Defendant's sentencing. Apprendi, Blakely, and Booker do not apply retroactively on collateral review. See Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005); United States v. Swinton, 333 F.3d 481, 491 (3d Cir. 2003)

claim was available at the time Defendant was sentenced, the failure to raise it on direct appeal implicates the procedural default rule of Frady, requiring Defendant to show both justifiable cause for the failure to present the issue and actual prejudice.  See United States v. Alanis, 88 Fed. Appx. 15, 23 (5th Cir. 2004); United States v. Pettigrew, 346 F.3d 1139, 1144 (D.C. Cir. 2003); United States v. Jenkins, 333 F.3d 151, 154-55 (3d Cir. 2003), cert. denied, 540 U.S. 932 (2003) (failure to raise Apprendi claim before judgment of conviction became final warrants application of Frady procedural default rule).  Defendant, acknowledging the substantial hurdle imposed by the failure to present the issue at time of sentencing or on direct appeal, argues that he can demonstrate both cause and prejudice.

There is no need to consider at this point the "cause" prong of the two-part rule because Defendant cannot demonstrate "prejudice" to warrant a review of his procedurally defaulted claim.  To show prejudice, Defendant must show not merely that there were errors that created a possibility of prejudice, but that those errors "worked to his actual and substantial disadvantage. . . ."  Frady, 456 U.S. at 170.

Under Apprendi, a sentence may be unconstitutional if it exceeds the maximum sentence permissible based on admitted facts.  See Apprendi, 530 U.S. at 483.  A judge has discretion in imposing a judgment within the range prescribed by statute.  Id. at 481-82; see also United States v. Sanchez, 53 Fed. Appx. 208, 210-11 (3d Cir. 2002)("nothing in Apprendi restricts a judge's ability to exercise his or her discretion in imposing a sentence within the

range prescribed by statute"); United States v. Williams, 235 F.3d 858, 863-64 (3d Cir. 2000). Based upon the facts admitted by Defendant, he was exposed to a statutory maximum of life in prison and a Sentencing Guidelines maximum term of 210 months.  Defendant's sentence was within both the statutory and guideline maximum terms, even if the two level weapons enhancement was excluded.  Defendant admitted to possession of at least 150 grams of cocaine base, 15 to 50 kilograms of cocaine, and 1,977 grams of ecstasy.  He also agreed that a four level increase in his offense level based on his role as an organizer or leader of criminal activity was appropriate.[8]  (Plea Agreement, Dkt. Entry 172, at 7; Tr. of Change of Plea, Dkt. Entry 176, at 12-13.)  Defendant's total offense level based on these facts is 38 with a sentencing range of 235 to 293 months.  After a three level reduction for timely acceptance of responsibility, Defendant's total offense level would be 35, based solely on the facts he admitted in his plea agreement, with a sentencing range of 168 to 210 months.  This Court sentenced Defendant to 210 months imprisonment.  This sentence was not greater than the maximum sentence permissible based on facts admitted by Defendant.  At best, Defendant can only argue this Court used the wrong guideline range for sentencing.  Nonetheless, even viewing the facts in a light most favorable to Defendant and considering the statutory maximum

---

[8] Defendant mistakenly asserts that he only admitted to possession of 5 kilograms of cocaine, 50 grams of cocaine base, and an indeterminate amount of ecstasy. (Def.'s Br. in Supp., Dkt. Entry 275 at 8.)  Defendant's plea agreement stipulated to the drug amounts reflected in the presentence investigation report. (Plea Agreement, Dkt. Entry 172, at 7; Tr. of Change of Plea, Dkt. Entry 176, at 12-13.)  Therefore, his assertion is groundless.

to be the applicable guideline maximum based upon the admitted facts, this Court had discretion to sentence him to up to 210 months. Accordingly, his sentence is constitutional under Apprendi, and he cannot show that he was prejudiced by the failure to present this claim. Cf., United States v. Johnson, 302 F3d 139, 155, 155 n.14 (3d Cir. 2002) (Apprendi "irrelevant" where defendant was sentenced to prison term within maximum prescribed by law) Therefore, Defendant's Apprendi claim is not cognizable.

### B. Ineffective Assistance of Counsel Claim[9]

Defendant raises two instances of alleged ineffective assistance of counsel: (1) his lawyer failed to raise an Apprendi challenge at his sentencing, and (2) his lawyer failed to object to the two level weapons enhancement recommended in the Presentence Investigation Report. To succeed on an ineffective assistance of counsel claim, Defendant must show both that his attorney's representation fell below an objective standard of reasonableness ("performance" prong), and but for his counsel's error, the result of the proceeding would have been different ("prejudice" prong). Strickland v. Washington, 466 U.S. 668 (1984). Defendant fails to establish ineffective assistance of counsel on either of his claims.

First, Defendant fails to establish an ineffective assistance of counsel claim based on his counsel failing to raise an Apprendi challenge to his sentencing. As stated above, Defendant

---

[9] In Massaro, the Court ruled that a defendant could raise an ineffective assistance of counsel claim in a collateral proceeding without showing cause and prejudice even if the claim could have been presented on direct appeal. 538 U.S. at 509.

did not have a valid Apprendi challenge to his sentencing.  It was within this Court's discretion to imprison him for life.  As noted above, the sentence imposed in this case was actually within the guideline range based upon facts Defendant admitted in his plea agreement.  As such, Defendant is unable to show that the results of the proceeding would have been different under the "prejudice" prong in Strickland.  466 U.S. at 688.  Moreover, a reasonable lawyer would not expect an Apprendi-based challenge to succeed based on this Circuit's case law at the time of Defendant's sentencing (particularly when the sentence was within the range prescribed by the guidelines).  See United States v. Sanchez, 53 Fed.Appx. 208, 210-11 (3d Cir. 2002) (similar facts as this case).  Thus, he also fails to show deficient "performance."

Defendant relies heavily on Ballard v. United States, 400 F.3d 404 (6th Cir. 2005), for his claim.  Ballard, however, involves very different facts.  In Ballard, the defendant was found guilty of conspiracy to possess with intent to distribute drugs under a general verdict.  At sentencing, the district court judge determined that Ballard was guilty of distribution of cocaine, which subjected him to a greater sentence than if he was sentenced to conspiracy to distribute a mix of marijuana and cocaine or marijuana alone.  Under extant Sixth Circuit precedent, the district court should have used a special verdict form for this determination.  See United States v. Dale, 178 F.3d 429 (6th Cir. 1999).  Ballard's co-defendant succeeded on appeal in arguing that the district judge should have used a special verdict form.  Ballard's counsel, however, never raised the issue on appeal despite having knowledge that it succeeded for Ballard's co-

9

defendant. The Sixth Circuit held that this was ineffective assistance of counsel. This ruling does not extend to Defendant's claim, as this Court's consideration of the shooting incident to add 2 levels to the offense score was not contrary to Third Circuit case law. Nor did Defendant's counsel have notice that an Apprendi-based claim would succeed.

Second, Defendant fails to establish ineffective assistance of counsel based on his lawyer not objecting to the gun possession enhancement in the Presentence Investigation Report.[10] Defendant does not show either deficient performance or prejudice from his attorney's representation. Under the sentencing guidelines, a coconspirator's gun possession may be attributed to another member of the conspiracy. United States v. Thornton 306 F.3d 1355, 1358 (3d Cir. 2002)(citing U.S.S.G. §§ 1B1.3(a), 2D1.1(b)(1)); see also United States v. Smith, 215 F.3d 237, 240-41 (2d Cir. 2000). In Thornton, our Court of Appeals upheld the application of a coconspirator's gun possession to another conspirator's sentence. 306 F.3d at 1358. Therefore, Defendant's attorney did not have grounds to object to the gun possession enhancement in the Presentence Investigation Report. See Muniz v. United States, 360 F. Supp. 2d 574, 579 (S.D.N.Y. 2005). Moreover, since application of Defendant's coconspirator's gun possession was appropriate under the sentencing guidelines, Defendant was not

---

[10] Defendant also argues his lawyer should have objected to the drug quantity and leader/organizer enhancement in the Presentence Investigation Report. (Def.'s Br. in Supp., Dkt. Entry 275 at 14.) This argument is groundless since Defendant agreed to the drug quantity and leader/organizer enhancement in his plea agreement. (Plea Agreement, Dkt. Entry 172, at 7; Tr. of Change of Plea, Dkt. Entry 176, at 12-13.)

prejudiced by his attorney's decision not to object to the Presentence Investigation Report.  See id.  Accordingly, Defendant's counsel was not ineffective.

### III. CONCLUSION

Because at the time of Defendant's sentencing the Supreme Court had not yet decided in Booker that the sentencing guidelines are advisory, Defendant argues that his "Specific Offense" adjustment for a dangerous weapon was unconstitutional under Apprendi.  Defendant, however, fails to establish that he is entitled to relief on this claim.  Nor has he shown ineffective assistance in his lawyer's failure to object to a weapons enhancement.  Therefore, his motion to correct his sentence under 28 U.S.C. § 2255 will be denied without requiring a response from the government.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **VS** | : | **3:CR-02-0087** |
| | : | **3:CV-05-0718** |
| | : | |
| **EDDY MANUEL CHARLES RIVAS** | : | **(CHIEF JUDGE VANASKIE)** |

# O R D E R

**NOW, THIS 9th DAY OF NOVEMBER, 2005,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion under 28 U.S.C. § 2255 (Dkt. Entry 274) and his related Motion to Show Cause (Dkt. Entry 282) are **DENIED**.

2. The Clerk of Court is directed to mark this matter and the related Civil Action (No. 3:CV-05-0718) **CLOSED**.

3. There is no basis for issuance of a certificate of appealability.

              **s/ Thomas I. Vanaskie**
              Thomas I. Vanaskie, Chief Judge
              Middle District of Pennsylvania